# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2013

No. 12-60066
Summary Calendar

Lyle W. Cayce
Clerk

MAYNOR VILLANUEVA-MONTOYA, also known as Maynor Villanueva,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 837 645

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioner Maynor Villanueva-Montoya, a native and citizen of Honduras, has filed a petition for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Villanueva-Montoya contends that the BIA erred in determining that he was statutorily ineligible for such relief. We deny his petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the order of the BIA, but we consider the underlying decision of the immigration judge only if it affected the BIA's decision. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2011). We review the BIA's factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, we do not reverse the BIA's decision unless the evidence not only supports a contrary conclusion but compels it. *Id.* "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

The Attorney General has the discretion to grant asylum to refugees. 8 U.S.C. § 1158(b)(1); *Orellana-Monson*, 685 F.3d at 518. A person qualifies as a refugee if he (1) is outside of his country and is unable or unwilling to return to that country or avail himself of its protection because of persecution or a well-founded fear of persecution and (2) demonstrates that his "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for the persecution." *Orellana-Monson*, 685 F.3d at 518 (emphasis omitted) (internal quotation marks and citation omitted). Villanueva-Montoya does not allege past persecution. "To establish a well-founded fear of future persecution, an applicant must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." *Chen*, 470 F.3d at 1135 (internal quotation marks and citations omitted).

Villanueva-Montoya contends that he qualifies as a refugee on the basis of his membership in a particular social group and his nationality. To establish membership in a particular social group for purposes of asylum, the applicant must show that he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and

2

citation omitted).  The BIA's interpretation of the term "particular social group" is entitled to deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984).  *Orellana-Monson*, 685 F.3d at 520-21.

Villanueva-Montoya has not shown that the BIA erred in determining that his proffered social group — Americanized individuals returning to Honduras from the United States who are perceived as potentially wealthy — lacks the requisite particularity to be cognizable for purposes of asylum.  *See Orellana-Monson*, 685 F.3d at 518-21; *see also Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) (providing that wealthy Salvadorians do not qualify as a protected social group).  Additionally, Villanueva-Montoya's assertion that persecutors in Honduras would "impute on him American nationality" because of his American mannerisms is speculative and insufficient to show that the BIA erred in determining that he is statutorily ineligible for asylum.  In light of his failure to demonstrate, for asylum purposes, that he had a well-founded fear of persecution because of a statutorily enumerated ground, Villaneuva-Montoya cannot satisfy the higher standard required for establishing eligibility for withholding of removal.  *See Chen*, 470 F.3d at 1138.

Regarding his claim under the CAT, Villanueva-Montoya asserts that the Honduran government is not well equipped to prevent the perils faced there by individuals from the United States and that the documentary evidence in the record discloses police participation in unlawful activities in Honduras.  The reports he cited do not compel the conclusion that he would more likely than not face torture by, or with the consent or acquiescence of, a government official after returning to Honduras.  *See Chen*, 470 F.3d at 1139; 8 C.F.R. § 208.18(a)(1).

The petition for review is DENIED.